

04/23/2020

VIA Certified Mail

T & J Enterprises, Inc.
C/o Roberts Wooten Zimmer
10438 Business 21
Hillsboro MO 63050

| | | |
|---|---|---|
| **Re** | : | AmGUARD Insurance Policy |
| **Policyholder** | : | T & J Enterprises, Inc. |
| **Claimant** | : | Deborah Moses, M. M. |
| **Policy No.** | : | K2GP005636 |
| **Claim No.** | : | KBAMG19090198 |
| **Date of Loss** | : | 09/18/2019 |
| **Civil Action** | : | Deborah Moses, Individually, and as Next Friend of M. M., a Minor |

Dear Policyholder:

AmGUARD Insurance Company ("AmGUARD") acknowledges receipt of the above captioned claim. AmGUARD received a copy Notice of the above-captioned matter.

The purpose of this letter is to advise you of specific policy provisions, which may limit or preclude coverage for the subject claim, to advise you of procedures relating to the ongoing handling of this claim, and to request additional information. AmGUARD hereby reserves all rights and acknowledges a full and mutual reservation of rights, including the right to disclaim coverage or otherwise amend or supplement the evaluation set forth below. Our position as defined in this letter is preliminary because the applicability of certain exclusions, terms and conditions cannot be fully determined until the facts are more fully developed.

### The Claim/Civil Action

Deborah Moses and M. M. (hereinafter "Plaintiffs") are both represented by Grayson & Grayson, LLC and bring a Civil Action entitled <u>Deborah Moses, Individually, and as Next Friend of M. M., a Minor</u>, in the Jefferson County Circuit Court of Missouri. The Plaintiffs allege personal injury resulting from an overturned single vehicle loss while passengers in a vehicle owned by Jeffrey Pyrtle and driven by Michelle Hill. The lawsuit does not name T & J Enterprises, Inc. as a defendant. Instead, it names Jeffrey Pyrtle and Michelle Hill as defendants.

By summarizing and otherwise relying on the allegations, AmGUARD does not suggest or otherwise mean to imply that any of those allegations are true, or that AmGUARD believes them to be true. Nor does AmGUARD mean to imply or suggest that there is any basis for the claim or any demands or relief sought therein. For a full account of the allegations, please refer to the full Petition filed in this matter.



**The Policy and Analysis**

AmGUARD issued Businessowner's Policy No. K2GP005636 (the "Policy") to T & J Enterprises, Inc. The Policy is an "Occurrence" policy, which provides coverage for covered losses which occur during the Policy Period. The Policy period is April 1, 2019 to April 1, 2020. The policy is subject to all terms, conditions, limitations and exclusions contained therein.

To illustrate the reason for our reservation of AmGUARD's rights under the Policy, we draw your attention to certain policy provisions, stated in whole or part, under the Business Auto policy number K2GP005636. The policy must be read in its entirety; however, we provide relevant portions for your convenience.

First, the Policy's declarations list the named insured as "T & J Enterprises, Inc." Second, we direct your attention to your **Business Auto Coverage Form CA 00 01 10 13**

**BUSINESS AUTO COVERAGE FORM (CA 00 01 10 13)**

. . . Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations.

**SECTION I—COVERED AUTOS**

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

**A. Description Of Covered Auto Designation Symbols**

* * *

| Symbol | Description of Covered Auto Designation Symbols | |
|---|---|---|
| 7 | Specifically Described "Autos" | Only those "autos" described in Item Three of the Declarations for which a premium charge is shown . . . |

**SECTION II – LIABILITY** which states in whole or part:
**A. Coverage**
We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

---

EXHIBIT 6



1. **Who Is An Insured**
   The following are "insureds":
   a. You for any covered "auto".
   b. Anyone else while using with your permission a covered "auto" you own, hire or borrow except:
      (1) The owner or anyone else from whom you hire or borrow a covered "auto". This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.
      (2) Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.
      (3) Someone using a covered "auto" while he or she is working in a business of selling, servicing, repairing, parking or storing "autos" unless that business is yours.
      (4) Anyone other than your "employees", partners (if you are a partnership), members (if you are a limited liability company) or a lessee or borrower or any of their "employees", while moving property to or from a covered "auto".
      (5) A partner (if you are a partnership) or a member (if you are a limited liability company) for a covered "auto" owned by him or her or a member of his or her household.
   c. Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

Our investigation has revealed that the involved 2012 Hino Rollback, bearing vehicle identification number 5PVNJ8JN4C4S50723, was being driven by Michelle Hill at the time of this loss. Based on the information currently available, it is unclear whether Mrs. Hill meets the definition of an "insured," as defined by the policy. As such, the policy may not provide coverage for the claims against her.

AmGUARD has a right to anticipate that you will comply with the aforementioned provisions of the Policy, and cooperate with the investigation of this matter, and any effort to dispose of this matter should coverage be afforded for same.

Further, the appointment of counsel to represent you is made without prejudice, and our investigation is ongoing relative to the claim and to coverage for this matter under the Policy. This appointment of counsel should in no way be construed as a waiver of any rights AmGUARD has now or may acquire in the future as information regarding this case unfolds. This appointment is made solely to protect your immediate interests. Going forward, should it be determined that there is no coverage for this loss under the Policy, you will be notified accordingly, and you will be solely responsible for further defense costs and/or satisfying any judgment entered against you. Should AmGUARD elect to disclaim coverage in this matter, we will notify you accordingly that you may seek alternate counsel.

Neither AmGUARD's investigation into this claim for coverage, this letter, nor any other correspondence or communication from or on behalf of AmGUARD, should be deemed or construed as a waiver of any rights or defenses it may have, including its rights and defenses under the Policy, any applicable contract of insurance, by statute, or at common law. This letter is therefore issued without prejudice to AmGUARD's rights and defenses under the Policy, and AmGUARD hereby reserves all such rights and defenses.



AmGUARD's position regarding coverage as described above is based upon presently available information. This letter is therefore not intended to specify each and every basis upon which coverage for the Claim is or may be precluded under the Policy. The above-stated grounds on which AmGUARD has reserved its rights to deny coverage for the Claim may not be inclusive of all the defenses available to it under the policy. AmGUARD accordingly reserves the right to raise additional defenses to coverage as and when they become known, as warranted by any new information obtained in the ongoing investigation, or as the civil suit may be later amended.

The statement in this letter of AmGUARD's grounds for reserving its right to deny coverage under the Policy should not be deemed to waive any additional defense to coverage or ground for denial of coverage and defense under that Policy. Rather, AmGUARD specifically reserves its right to assert and rely upon any further defense to coverage that may be available under the terms and conditions of the Policy, regardless of whether it is stated above or whether the basis for its assertion is or could have been presently known.

If you are aware of any facts or circumstances that you believe should affect our coverage evaluation and the reservation of rights set out in this letter, or if you know of any facts or circumstances that would support any views contrary to those expressed in this letter, we would welcome your written comments. Should you have any questions with regard to the foregoing, you may contact the undersigned.

Your cooperation in this matter is anticipated. Should you have any questions regarding this matter, do not hesitate to contact the undersigned. I thank you for your courtesies and attention to this matter.

Respectfully,

Sara Dodson
Claims Adjuster
(800)315-6090 EXT.9923
mailroom@narisk.com



**CC:** First State Insurance Agency, Inc.
204 E Liberty
Farmington MO 63640

EXHIBIT 6