UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF MISSOURI

AMGUARD INSURANCE COMPANY,

           Plaintiff,

v.

T&J ENTERPRISES, INC., and MICHELLE A.
HILL, et. al.

Civil Action No.:  4:20-cv-1853

## MOTION TO DISMISS

COMES NOW Deborah Moses, Individually, and as the Next Friend of M. Moses, by and through their attorney of record, Adam G. Grayson of the law office of Grayson & Grayson LLC, and for their Motion to Dismiss hereby states as follows:

## FACTS

On September 21, 2019, Defendants Deborah Moses and M. Moses were passengers in a tow truck operated by Defendant Michele A. Hill ("Hill"). While travelling northbound on MO-21, the vehicle went off the road and rolled repeatedly until it slammed into a tree, pinning Defendants and causing them grievous bodily harm. Hill was acting as an employee/agent of Defendants Jeffery Dean Pyrtle (individually and/or d.b.a. T & J Towing), Theresa Pyrtle (individually and/or d.b.a. T & J Towing), and T & J Enterprises, Inc. (individually and/or d.b.a. T & J Towing). These Defendants were insured by an AmGuard Insurance Company policy with policy limits of $1 million per injury occurrence. Defendants Deborah Moses and M. Moses demanded payment of this policy due to the other Defendants' negligence in their actions related to this collision

1

which resulted in serious injury to Deborah and M. Moses. Plaintiff AmgGard Insurance Company refused to pay the policy, and has now created this duplicate case for that purpose.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of an action for "lack of subject matter jurisdiction." *See* FED. R. CIV. P. 12(b)(1). A Rule 12(b)(1) motion can challenge the sufficiency of the pleadings to establish jurisdiction (facial attack), or a lack of any factual support for subject matter jurisdiction despite the pleading's sufficiency (factual attack). *See Grondal v. United States*, 2012 U.S. Dist. LEXIS 19398, at *11-13 (E.D. Wash. Feb. 16, 2012) (Quackenbush, J.). For a facial attack, all allegations are accepted as true. *Id*. For a factual attack, evidence outside the pleadings needed to resolve factual disputes as to jurisdiction may be considered. *See Assoc. of Am. Med. Coll. v. United States*, 217 F.3d 770, 778 (9th Cir. 2000). Plaintiffs have the burden of establishing jurisdiction. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Rule 12(b)(6), in turn, provides for dismissal of an action for "failure to state a claim upon which relief can be granted." *See* FED. R. CIV. P. 12(b)(6). For a 12(b)(6) motion, "all well-pleaded allegations of material fact [are accepted as true] and construe[d] in the light most favorable to the non-moving party." *Padilla v. Yoo*, 678 F.3d 748, 757 (9th Cir. 2012). "[C]onclusory allegations of law and unwarranted inferences" are insufficient. *Associated Gen'l Contractors v. Metro. Water Dist.*, 159 F.3d 1178, 1181 (9th Cir. 1998). A complaint must state "evidentiary facts which, if true, will prove [the claim]," *Kendall v. Visa U.S.A.,*

2

*Inc.*, 518 F.3d 1042, 1047 (9th Cir. 2008), otherwise it will be dismissed. *See Watson v. Weeks*, 436 F.3d 1152, 1157 (9th Cir. 2006).

## ARGUMENT

Plaintiffs are unable to establish this Court's jurisdiction over this case and have failed to advance a claim upon which relief can be granted pursuant to Rule s12(b)(1) and (6). Therefore, Defendants' Motion to Dismiss should be granted and Plaintiff's claims should be dismissed.

### I.     Declaratory relief should be stayed because parallel proceedings are underway in state court.

Federal courts should not rule in favor of declaratory judgment actions such as the one at hand when there is a parallel state court proceeding, as "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 495 (1942). "Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided." *Id*. "[I]t is not for [federal courts] to attempt to pronounce independently upon Missouri law. To do so would be to disregard the limitations inherent in our appellate jurisdiction." *Id*. at 497.

"Where a District Court is presented with a claim such as was made here, it should ascertain whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court." *Id*. at 495.

The present federal action arose from a state action filed in the Circuit Court of Jefferson County, State of Missouri, with case number 19JE-CC00784. In this underlying state court action, Petitioners Deborah Moses and M. Moses allege various counts of negligence under Missouri law.

Plaintiff relies upon several conclusory statements of law to argue that the issues it seeks resolved are wholly separate from the underlying state litigation. Among these legal and factual conclusions are statements such as "Guard has determined that there are no circumstances under which any of the defendants in the [federal] Lawsuit, other than Michele Hill, can be liable to Deborah and M[.] Moses since Michele Hill did not have permission to drive the Tow Truck, and the Policy does not provide coverage for any of the defendants in the [federal] Lawsuit based upon the facts as currently known." (*Plaintiff's Complaint, paragraph 37*). Whether Michele Hill had permission to drive the Tow Truck is a question of law and fact to be resolved under Missouri state law in the pending state court action. Whether the policy provides coverage for the defendants is similarly a question of fact to be determined pursuant to Missouri state laws regarding negligence.

Furthermore, the Plaintiff insurance company is well aware it is an integral party to the underlying state court action. In this action, Deborah Moses and M. Moses sought the payment of a $1 million insurance policy provided by Plaintiff AmGuard Insurance Company ("insurance company"). After the insurance company was advised by multiple counsel for the insured to pay the million dollar policy coverage, upon information and belief, the insurance company hired outside counsel to obtain admissions from the

4

insured with the sole purpose of invalidating coverage under the guise of working to protect their insured's interest. The insurance company has filed this extraneous lawsuit for this reason as well. The underlying state court case is already in position to make determinations regarding negligence and insurance policy coverage pursuant to Missouri law. The issues at hand can therefore better be settled in the proceeding pending in the state court.

Courts act properly when they stay actions "for declaratory relief where parallel proceedings, presenting opportunity for ventilation of the same state law issues, [are] underway in state court." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 290, (Mo. banc 1995). Whether such a stay is appropriate can be determined using the factors found in and based upon *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, (1942).

In *Brillhart*, the United States Supreme Court addressed circumstances similar to those in the present suit. In anticipation of a state court suit, an insurer "sought a declaration in federal court of nonliability on an insurance policy." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282-283, (U.S. 1995); *Id.* The District Court dismissed the action in favor of pending state proceedings, which included the insurer as a defendant. The Court of Appeals reversed this decision, but on further appeal the Supreme Court sided with the District Court. *Id.* The Supreme Court held that "although the District Court had jurisdiction of the suit under the Federal Declaratory Judgments Act, it was under no compulsion to exercise that jurisdiction." *Id.* at 494. The Court stated that "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues,

5

not governed by federal law, between the same parties." *Id.* at 495. The question for a district court presented with a suit under the Declaratory Judgment Act is "whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court." *Id.*

The first of the factors initially developed by *Brillhart* is whether the issues "can better be settled in the proceeding pending in the state court." *Brillhart*, 316 U.S. at 495. In determining if a case is "better settled" in a state action, the question is whether the pending state action is a more effective remedy, not just whether it exists. *2-57 Moore's Federal Practice-Civil 57.42.2.b.ii.B.* The Supreme Court directed the district court to consider the following in making this determination: 1) the scope of the pending state action and the nature of defenses there; 2) whether the claims of all parties in interest can satisfactorily be adjudicated in state court; 3) whether necessary parties have been joined; and 4) whether such parties are amenable to process in that proceeding. *Id.*

The issues in this case can be better settled in the pending state court action. The state action is based on negligence, and includes counts of general negligence, negligence per se, and negligent hiring and retention. Specifically, the state court will have to determine whether or not Michele Hill was an employee of Jeffrey Pyrtle, Theresa Pyrtle, and/or T&J Enterprises, Inc., and whether Michele Hill, Jeffrey Pyrtle, Theresa Pyrtle, and/or T&J Enterprises, Inc., committed negligence which would expose them to liability, as well as whether such liability is to T&J Enterprises, Inc., and therefore

insured by Plaintiff. Plaintiff's federal Complaint assumes the answers to these questions in its Complaint, but the state court is already poised to settle these and similar issues.

As the state court will determine the negligence of all parties involved, the claims of all parties in interest can satisfactorily be adjudicated in state court. Plaintiff's Complaint assumes facts not in evidence before the state court has had a chance to determine such facts. The state case will determine the liability of all parties, including that of Plaintiff's insured. Plaintiff's liability is tied to that of its insured, and its claim with thus be fully litigated.

All necessary parties have been joined in the state case. The parties to that case include all those named in this federal suit, excepting only Plaintiff AmGuard Insurance Company. The parties to the Jefferson County Circuit Court case and the present action are Michele A. Hill,  individually and d.b.a. T&J Towing, Jeffrey Dean Pyrtle, individually and d.b.a. T&J Towing, Theresa Pyrtle, individually and d.b.a. T&J Towing, and T&J Enterprises, Inc., individually and d.b.a. T&J Towing.

All of the above-named parties are amenable to suit proceeding in Jefferson County, Missouri. The wreck leading to the present action occurred on MO-21, which was and is an open and public road in Jefferson County, State of Missouri. The subject accident occurred in Jefferson County, and all named parties have already begun litigating in Jefferson County.

As stated in *Brillhart*, when "another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in 'gratuitous interference,' if it permit[s] the

federal declaratory action to proceed." *Id*. Parallel proceedings are already underway in state court, and these proceedings present an opportunity of the same state law issues that Plaintiff raises in its Complaint. Plaintiff is prematurely requesting this Court make determinations of state law, despite the existence of an ongoing state court case, and Plaintiff's Complaint should therefore be dismissed.

II.    **Plaintiff is manufacturing diversity jurisdiction in order to improperly transfer this case to federal court.**

The underlying tort action giving rise to the present suit occurred in the State of Missouri between a Missouri company and Missouri residents. The Plaintiff is an insurance company whose headquarters may be located outside the State of Missouri; however, Plaintiff was licensed to do business in the state of Missouri and issued an insurance policy to a business located in and doing business in the State of Missouri. Plaintiff has manufactured diversity for the present action using the location of Plaintiff's company headquarters. This is an improper use of diversity jurisdiction, and is a case better suited for resolution in state court.

Federal courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Kessler v. Nat'l Enters., Inc.*, 347 F.3d 1076, 1081, (8th Cir. 2003). "Diversity jurisdiction exists when there is a complete diversity of citizenship and an amount in controversy greater than $ 75,000." *Dowell v. Debt Relief Am., L.P.*, 2007 U.S. Dist. LEXIS 46610, *3, 2007 WL 1876478. The party seeking federal jurisdiction bears the burden of establishing such

jurisdiction exists "by a preponderance of the evidence." *Carter v. GE Transp.*, 2015 U.S. Dist. LEXIS 95973, *12, 2015 WL 4487961; *See also Hertz Corp. v. Friend*, 559 U.S. 77, 96, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010). "When federal jurisdiction is challenged, the parties asserting diversity jurisdiction must support their allegations by competent proof. If they cannot meet their burden, or if the determination of these facts is intertwined with the merits of the case, the court should remand." *Id*.

A federal court may exercise jurisdiction over a foreign defendant only to the extent permitted by the forum state's long-arm statute and by the Due Process Clause of the Constitution." *Miller v. Nippon Carbon Co.*, 528 F.3d 1087, 1090 (8th Cir. 2008) (internal quotations and citation omitted). Because the Missouri long-arm statute is construed as extending personal jurisdiction to the fullest extent permitted by the Fourteenth Amendment's Due Process Clause, *see J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249, 253 (Mo. banc 2009), the Court's jurisdictional inquiry is limited to determining whether asserting personal jurisdiction over the defendant comports with due process. *See* Mo. Rev. Stat. § 506.500.

"General jurisdiction is a court's power to hear any matter in which the party is involved." *Yaeger v. Wyndham Vacation Resorts*, No. 4:14-CV-795-JCH, 2014 U.S. Dist. LEXIS 97082, 2014 WL 3543426 at *2 (E.D. Mo. Jul. 17, 2014). "General jurisdiction is always present in the corporation's domicile, which is its place of incorporation and its principal place of business." *Daimler AG*, 134 S. Ct. at 760. "The test for establishing general jurisdiction outside of the corporation's domicile is whether the corporation's contacts with the state are so "continuous and systematic" as to make it essentially at

home in the forum state." *Id.* at 761. *Jinright v. Johnson & Johnson, Inc.*, 2017 U.S. Dist. LEXIS 139270, *7-10, 2017 WL 3731317.

The parties in this case all have strong ties to Missouri. Deborah Moses, M. Moses, Michele Hill, Jeffrey Pyrtle, and Theresa Pyrtle are all citizens of the state of Missouri, and T&J Enterprises, Inc., is a Missouri corporation. T&J Enterprises, Inc., holds an insurance policy through Plaintiff AmGuard Insurance Company. Upon information and belief, AmGuard Insurance Company is a corporation created in Pennsylvania, but with substantial ties to Missouri. AmGuard Insurance Company does business in the state of Missouri, and provides insurance coverage to Missouri business such as T&J Enterprises, Inc.

Plaintiff AmGuard Insurance Company is not a party to the underlying state action. In that state action, all parties are residents of the state of Missouri. Although Plaintiff provides coverage to a Missouri company who is a party to the underlying suit and also conducts extensive business in Missouri, Plaintiff has now brought this action in federal court as a means of manufacturing diversity jurisdiction based on its state of incorporation.

28 U.S.C.S. § 1332(c)(1) provides that, with respect to federal diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." Discovery is necessary to completely determine Plaintiff's principal place of business. However, Plaintiff has shown to have substantial ties to Missouri, and conducts significant business in Missouri. Furthermore, Plaintiffs liability to pay out any money due to the negligence

10

of its insured is already being litigated in state court. Plaintiff now seeks to have this

Court make binding determinations on the state court case by splitting off from its

insured and manufacturing diversity.

**III.     Plaintiff's claim is not ripe because it relies solely on unproven averments and denials from the Petition and Answer in the underlying Circuit Court Case.**

Plaintiff's claim in this matter is not ripe, as it is based solely upon unproven

averments and denials from the Petition and Answer in the underlying Circuit Court

Case.  In paragraph 53 of its Complaint, Plaintiff alleges as follows:

Ripeness "requires [the Court] to evaluate both the fitness of the issues for judicial

decision and the hardship to the parties of withholding court consideration." *Tex. v.*

*United States*, 523 U.S. 296, 300-301, (1998). "The ripeness doctrine reflects a judgment

that the disadvantages of a premature review that may prove too abstract or unnecessary

ordinarily outweigh the additional costs of -- even repetitive -- post-implementation

litigation." *Ohio Forestry Ass'n v. Sierra Club*, 523 U.S. 726, 735, (1998). "The basic

rationale behind our ripeness doctrine is to prevent the courts, through premature

adjudication, from entangling themselves in abstract disagreements, when those

disagreements are premised on contingent future events that may not occur as anticipated,

or indeed may not occur at all." *Reno v. Catholic Soc. Servs.*, 509 U.S. 43, 72, (1993).

In paragraph 53 of its Complaint, Plaintiff alleges as follows:

The question of whether the Policy affords coverage to any of the defendants is
ripe for judicial resolution because the availability of coverage for any of the
defendants in the Lawsuit turns on a single legal issue- whether Michele Hill had
T & J's permission to operate the Tow Truck based upon the known facts and
evidence, which shows (1) that she was given permission to operate the Tow

11

Truck by her husband Earl Hill, (2) that Earl Hill was an employee tow truck driver for T & J, but did not have authority to act on behalf of T & J to grant permission to others to operate T & J trucks, (3) that Earl Hill was not an officer or manager of T & J and had no hiring authority, (4) that Michele Hill was not hired as an employee of T & J in the regular course of business, (5) that Michele Hill did not have the appropriate driver's license to allow her to legally operate the Tow Truck, and (6) that Michele Hill operated the Tow Truck without T & J's, Jeffrey Pyrtle's or Theresa Pyrtle's knowledge. (*Plaintiff's Complaint, paragraph 53*).

All six of the above items are legal and factual conclusions, and all six of these items are already being litigated in state court. Plaintiff is seeking federal determination of state court issues without actual evidence to support its conclusions. Plaintiff's arguments and conclusions rely entirely on unproven averments and denials from the Petition and Answer in the underlying Circuit Court Case. The answers to these questions must first be determined by the state court to prevent premature adjudication on issues that require discovery and full litigation by the Circuit Court of Jefferson County. As such, the issues raised by Plaintiff are not yet fit for judicial decision.

For example, Plaintiff claims in paragraph 53 of its Complaint that Earl Hill "did not have authority to act on behalf of T&J." However, there is no evidence before this or any court that this is correct. Defendants have had no opportunity to conduct discovery establishing whether Earl Hill may be a board member of T&J Enterprises, Inc., or was otherwise granted authority. Similarly, there is no evidence establishing whether or not Earl Hill had any hiring authority, or whether any known board members, including Brandon Pyrtle or Amanda Pyrtle, granted him such hiring authority. Defendants have not had opportunity to gather discovery concerning Earl Hill's possible employment contracts, corporate policies and procedures, corporate directives, corporate bylaws, or

12

other documents establishing who the corporation T&J Enterprises, Inc., authorized to bind the corporation. There is also no evidence before this Court that Michele Hill "operated the Tow Truck without T & J's, Jeffrey Pyrtle's or Theresa Pyrtle's knowledge." Discovery must be conducted to determine if this is factual, or simply a conclusion beneficial to Plaintiff's case.

Lastly, the parties will not suffer hardship by the withholding of court consideration. Plaintiff will only be required to pay out of its policy if the state court determines its insureds are liable to Deborah and M. Moses. In fact, Deborah and M. Moses will suffer hardship if Plaintiff's claims are allowed to proceed, as this will deny Defendants the opportunity to litigate their claims in the proper court, at the proper time, and after proper discovery has been completed. As such, Plaintiff's claims are not ripe and should be dismissed.

**WHEREFORE,** Defendant Deborah Moses, individually and as Next Friend of Miriam Moses, respectfully prays for an order of this Court granting their Motion to Dismiss and dismissing Plaintiff's claims, and for such other and further relief as the Court deems just and proper.

Respectfully Submitted,

GRAYSON & GRAYSON, LLC


By:      _/s/ Adam G. Grayson_____
         Adam G. Grayson  #61976
         Lisa J. Dawson #70648
         915 Southwest Blvd., Suite N
         Jefferson City, MO 65109
         Telephone:    573-635-0308
         Facsimile:    573-635-0471
         adam@graysonlegal.com
         lisa@graysonlegal.com

         ATTORNEYS FOR DEBORAH
         MOSES AND M. MOSES

## **CERTIFICATE OF SERVICE**

COMES NOW the Defendant, Deborah Moses, Individually and as Next Friend of M. Moses, a minor, by and through his attorney of record, and hereby certifies the aforementioned disclosure and this certificate were served on the parties to this case on January 19, 2021 by electronic mail properly addressed to the following:


PLAINTIFF: AMGUARD INSURANCE COMPANY
Gordon Rees Scully Mansukhani, LLP
James C. Morris
211 North Broadway, Suite 2150
St. Louis, Missouri 63102
jmorris@grsm.com

DEFENDANT:  T&J ENTERPRISES, INC

DEFENDANT:  MICHELE HILL

DEFENDANT:  THERESA PYRTLE

DEFENDANT:  JEFFREY PYRTLE