# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| AMGUARD INSURANCE COMPANY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:20-cv-01853-MTS |
| | ) | |
| T & J ENTERPRISES, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Dismiss filed by Defendant Deborah Moses, Individually and as the Next Friend of M. Moses, Doc. [35].[1]  Defendant asserts that Plaintiff is "unable to establish this Court's jurisdiction over this case" and has "failed to advance a claim upon which relief can be granted."  Doc. [35] at 3.

The Court concludes it has subject matter jurisdiction over this case because complete diversity exists among the parties and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332.  In its argument regarding this Court's jurisdiction, Defendant misconstrues diversity jurisdiction.  Defendant argues that:

> The underlying tort action giving rise to the present suit occurred in the State of Missouri between a Missouri company and Missouri residents. The Plaintiff is an insurance company whose headquarters may be located outside the State of Missouri; however, Plaintiff was licensed to do business in the state of Missouri and issued an insurance policy to a business located in and doing business in the State of Missouri. Plaintiff has manufactured diversity for the present action using the location of Plaintiff's company headquarters. This is an improper use of diversity jurisdiction, and is a case better suited for resolution in state court.

---

[1] Defendant Deborah Moses previously filed a Motion to Dismiss, Doc. [13], but Plaintiff subsequently filed an Amended Complaint, Doc. [24].  The Court will deny Defendant's first Motion to Dismiss as moot.

Doc. [35] at 10–11.

Plaintiff AmGuard Insurance Company alleges it is "an insurance business corporation organized and existing as a citizen under the laws of the State of Pennsylvania with its principal place of business located in Wilkes-Barre, Pennsylvania." Doc. [24] ¶ 1. Thus, for purposes of diversity jurisdiction, Plaintiff is a citizen of Pennsylvania. That Plaintiff "was licensed to do business" in Missouri or that it "issued an insurance policy to a business located in and doing business in" Missouri, see Doc. [35] at 10–11, is of no relevance to its citizenship as it pertains to diversity jurisdiction. *See Jet Midwest Int'l Co. v. Jet Midwest Grp., LLC*, 932 F.3d 1102, 1104 (8th Cir. 2019). Contrary to Defendant's assertion, Plaintiff did not "manufacture[] diversity for the present action using the location of Plaintiff's company headquarters." Doc. [35] at 11. The statute specifically directs that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). It is not "an improper use of diversity jurisdiction" to determine a corporation's citizenship as Congress prescribed. *See* Doc. [35] at 11.

Satisfied of its jurisdiction, the Court carefully considered the remaining arguments in Defendant's Motion, found them to be without merit, and will deny the Motion largely for the reasons articulated in Plaintiff's memorandum in opposition, see Doc. [37].[2]

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, Doc. [35], is **DENIED**.

---

[2] Defendant chose not to file a reply to Plaintiff's memorandum in opposition. *See* E.D. L.R. 4.01(c) (noting moving party may file a reply memorandum within ten (10) days after being served with a memorandum in opposition).

- 3 -

**IT IS FURTHER ORDERED** that Defendant's original Motion to Dismiss, Doc. [13], is **DENIED** as moot.

Dated this 25th day of May, 2021.

 _____
 MATTHEW T. SCHELP
 UNITED STATES DISTRICT JUDGE