# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| AMGUARD INSURANCE COMPANY,<br><br>              Plaintiff,<br><br>vs.<br><br>EARL HILL, BRANDON PYRTLE,<br>T&J ENTERPRISES, INC., MICHELE A. HILL,<br>THERESA PYRTLE, JEFFREY D. PYRTLE,<br>DEBORAH MOSES, Individually, and as<br>NEXT FRIEND of M. M., a Minor,<br><br>              Defendants. | Civil Action No.: 4:20-cv-01853 |

### AMGUARD INSURANCE COMPANY'S MOTION TO QUASH SUBPOENAS AND NOTICES OF DEPOSITION DIRECTED TO SARA DODSON AND NORTH AMERICAN RISK SERVICES, INC.

COMES NOW, Plaintiff, AmGUARD Insurance Company ("Guard"), by and through its undersigned counsel, and pursuant to Fed.R.Civ.P. 45(c) moves this honorable Court for an order quashing the subpoenas directed to Sara Dodson and North American Risk Services, Inc. ("NARS") and quashing the depositions noticed in conjunction therewith. In Support of this motion, Guard states as follows:

### ARGUMENT

On November 23, 2021, Defendants Deborah Moses and M. Moses, a minor, ("Moses" or "Defendant") served a Notice of Deposition seeking to depose Sara Dodson, a claims analyst for North American Risk Services, Inc.'s on December 9, 2021. On November 23, 2021, Defendant served a Notice of Deposition of North American Risk Services, Inc.'s Corporate Representative.

1

Defendant seeks testimony from Dods regarding the following:

> "Policy No. K2GP005636, Claim No. KBAMG19090198 and Deborah Moses and M. Moses, a minor, wreck dated 9/21/2019, T&J Enterprises, Inc., and any matter alleged in the Complaint."

The notice also requests that Dodson bring the following to her deposition:

> "North American Risk Services Claim File KBAMG19090198 and any and all documents and/or correspondence related to Debbie and M. Moses, a minor, and/or Claim No. KBAMG19090198 and/or Policy No. K2GP005636, wreck dated 9/21/2019, T&J Enterprises, Inc., and any matter alleged in the Complaint"[1]

The information and materials sought through the subpoenas are protected from discovery under the attorney-client privilege, work-product doctrine, and the insurer-insured privilege. Moreover, said requests are overbroad, unduly burdensome, and seek documents which are irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence. These requests are also duplicative of the requests for production that Defendant has already served upon Plaintiff. Moreover, Dodson is not a party to this action and is not the custodian of the requested documents.

Rule 45 of the Federal Rules of Civil Procedure requires a court to quash or modify a subpoena if it "requires disclosure of privileged or other protected matter." *Pemberton v. Republic Services, Inc.*, 308 F.R.D. 195, 201 (E.D. Mo. 2015). Pursuant to Federal Rule of Civil Procedure 26(b)(3)(A), privileged matters are: "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, **insurer**, or agent." *Travelers Prop. Cas. Co. of Am. v. Nat'l*

---

[1] Defendant's request for "all documents and/or correspondence related to . . . any matter alleged in the Complaint" is vague in that it does not specify what "the Complaint" refers to, as it could be a reference to the instant declaratory judgment action, or Defendants' underlying personal injury lawsuit.

*Union Ins. Co. of Pittsburgh, PA,* 250 F.R.D. 421, 423 (W.D. Mo. 2008) (emphasis added).

This privileged information is exactly what defendant seeks, as the subpoena requests Plaintiff's communications with the employees, agents, and representatives of its insured, T&J Enterprises, Inc. Defendants' subpoena seeks materials that would contain Insured-insurer communications, such as the "entire claim file related to the wreck" and "all prior claims for . . . vehicle damage made by T&J Enterprises, Inc." These communications are protected from discovery under the insurer-insured privilege.

Privileged materials cannot be discovered unless:

1) they are otherwise discoverable under Rule 26(b)(1)[2]; and

2) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

FRCP 26(b)(3)(A)(i) – (ii).

Whether T&J's policy applies to provide coverage to the defendants Moses has sued in the underlying suit is a question of law and interpretation of the insurance contract. No testimony Defendant could elicit from Dodson could establish or disprove whether the policy provides coverage for the accident that makes the basis of the underlying lawsuit.

Plaintiff's *handling* of the claim itself is not relevant to whether the policy provides coverage. What Dodson thinks about the policy, the claim, the insured, or the accident is irrelevant and cannot change the facts relating to the incident or the language of the policy. Her testimony is unnecessarily burdensome and will provide no information useful to the claims or defenses in this case.

Likewise, nothing that is contained in the claim file changes the language of the operative policy. It is not relevant to any legal issue in the instant declaratory judgment action. NARS is the

---

[2] "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case"

3

third party claims administrator for Plaintiff, and its claim file contains attorney-client privileged information, insurer-insured privileged information and work product privileged information. Further, any non-privileged information contained within its records cannot change the language of the policy nor the facts of the underlying incident.

## CONCLUSION

The Plaintiff's declaratory judgment is based on the policy language and the facts surrounding Michelle Hill's permission to use the vehicle involved in the accident. Dodson's interpretation of the policy is not relevant to the instant action. The information being sought by the subpoenas issued by Defendant Moses is privileged and is also not relevant to whether the policy provides any of the defendants coverage.

WHEREFORE, Plaintiff requests this Court quash the subpoenas and deposition notices directed to Sara Dodson and North American Risk Services, Inc., further requests such other relief the Court deems just and proper under the circumstances.

Respectfully Submitted,

**GORDON REES SCULLY MANSUKHANI, LLP**

*/s/James C. Morris*
James C. Morris, #53074MO
211 North Broadway, Suite 2150
St. Louis, Missouri 63102
Telephone: (314) 961-6686
Fax: (314) 338-3076
jmorris@grsm.com

*Counsel for Plaintiff,*
*AmGuard Insurance Company*

4

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was filed electronically with the Clerk of the Court on this 7th day of December, 2021, thereby executing service upon all counsel of record by operation of the Court's electronic filing system.

By:   */s/James C. Morris*