**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| AMGUARD INSURANCE COMPANY )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>T & J ENTERPRISES, INC., *et al.*, )<br>)<br>Defendants. ) | Case No. 4:20-cv-01853-MTS |

**FIRST AMENDED CASE MANAGEMENT ORDER – TRACK 2: STANDARD**

Pursuant to the Civil Justice Reform Act Expense and Delay Reduction Plan and the Differentiated Case Management Program of the United States District Court for the Eastern District of Missouri, and the unopposed Motion to Amend, Doc. [84],

**IT IS HEREBY ORDERED** that the following schedule shall apply in this case and will be modified ***only*** upon good cause shown:

I.   **SCHEDULING PLAN**

   1.   This case has been assigned to Track 2 (Standard).

   2.   All motions for joinder of additional parties shall be filed no later than August 31, 2022.

   3.   All motions for amendment of pleadings shall be filed no later than August 15, 2022.

/
/
/
/
/
/
/
/
/
/

4. Disclosure shall proceed in the following manner:

   (a) The parties shall make all initial disclosures required by Rule 26(a)(1), Fed. R. Civ. P., no later than <u>Wednesday, April 06, 2022</u>.

   (b) Plaintiff shall provide a privilege log, as directed by the Court at the January 31, 2022 status hearing, for Plaintiff's document production and discovery answers for Defendant Moses's motion to compel no later than <u>April 8, 2022</u>.

   (c) Plaintiffs shall disclose all expert witnesses and shall provide the reports required by Rule 26(a)(2), Fed. R. Civ. P., no later than <u>August 1, 2022</u>, and shall make expert witnesses available for depositions, and have depositions completed, no later than <u>September 16, 2022</u>.

   (d) Defendants shall disclose all expert witnesses and shall provide the reports required by Rule 26(a)(2), Fed. R. Civ. P., no later than <u>September 23, 2022</u>, and shall make expert witnesses available for depositions, and have depositions completed, no later than **October 31, 2022**.

   (e) The presumptive limits of ten (10) depositions per side as set forth in Rule 30(a)(2)(A), Fed. R. Civ. P., and twenty-five (25) interrogatories per party as set forth in Rule 33(a), Fed. R. Civ. P., shall apply.

   (f) Any requests for physical or mental examinations of parties pursuant to Rule 35, Fed. R. Civ. P. shall be made no later than <u>August 12, 2022</u>, and such examination shall be completed no later than <u>September 2, 2022</u>.

   (g) The parties shall complete all discovery in this case no later **January 06, 2023**.

   (h) Motions to compel or to quash shall be pursued in a diligent and timely manner, but they may be filed ***only after*** a party has informally alerted Chambers of the issue, including the other-side on any communication, and waiting for Chambers either to hold an informal conference or instruct the parties that they may proceed in briefing the issue(s).

5. This case shall be referred to alternative dispute resolution on August 17, 2022, and that reference shall terminate on **October 17, 2022**.

6. Any motions to dismiss, motions for summary judgment, motions for judgment on the pleadings, and motions under *Daubert* must be filed no later than **January 13, 2023**. With the response to any such motion to be filed within twenty-one (21) days after the filing of the motion and any reply to be filed within ten (10) days after the response is filed with the Court.

## II. ORDER RELATING TO TRIAL

This action is set for a **JURY** trial on **April 24, 2023 at 8:30 a.m.** This is a **two-**week docket.

**In this case, unless otherwise ordered by the Court, the attorneys shall, not less than twenty-one (21) days prior to the date set for trial:**

1. **Stipulation**: Meet and jointly prepare and file with the Clerk a JOINT Stipulation of all uncontested facts, which may be read into evidence subject to any objections of any party set forth in said stipulation (including a brief summary of the case which may be used on Voir Dire).

2. **Witnesses**:

   (a) Deliver to opposing counsel, and to the Clerk, a list of all proposed witnesses, identifying those witnesses who will be called to testify and those who may be called.

   (b) Except for good cause shown, no party will be permitted to call any witnesses not listed in compliance with this Order.

3. **Exhibits**:

   (a) Mark for identification all exhibits to be offered in evidence at the trial (Plaintiffs to use Arabic numerals and defendants to use letters, e.g., Pltf-1, Deft -A, or Pltf Jones-1, Deft Smith-A, if there is more than one plaintiff or defendant), and deliver to opposing counsel and to the Clerk a list of such exhibits, identifying those that will be introduced into evidence and those that may be introduced. The list shall clearly indicate for each business record whether the proponent seeks to authenticate the business record by affidavit or declaration pursuant to Fed. R. Evid. 902(11) or 902(12).

   (b) Submit said exhibits or true copies thereof, and copies of all affidavits or declarations pursuant to Fed. R. Evid. 902(11) or 902(12), to opposing counsel for examination. Prior to trial, the parties shall stipulate which exhibits may be introduced without objection or preliminary identification and shall file written objections to all other exhibits.

      (c)    Except for good cause shown, no party will be permitted to offer any exhibits not identified or not submitted by said party for examination by opposing counsel in compliance with this Order. Any objections not made in writing at least ten (10) days prior to trial may be considered waived.

    4.    **Depositions, Interrogatory Answers, and Request for Admissions**:

      (a)    Deliver to opposing counsel and to the Clerk a list of all interrogatory answers or parts thereof and depositions or parts thereof (identified by page and line numbers), and answers to requests for admissions proposed to be offered in evidence. At least ten (10) days before trial, opposing counsel shall state in writing any objections to such testimony and shall identify any additional portions of such depositions not listed by the offering party which opposing counsel proposes to offer.

      (b)    Except for good cause shown, no party will be permitted to offer any interrogatory answer, or deposition or part thereof, or answer to a request for admissions not listed in compliance with this Order. Any objections not made as above required may be considered waived.

    5.    **Instructions**: Submit to the Court and to opposing counsel their written request for instructions and forms of verdicts, reserving the right to submit requests for additional or modified instructions at least fourteen (14) days before trial, in light of opposing party's requests for instructions. (Each request **must** be supported by at least one pertinent citation). The parties should email a copy of the instructions to the clerk at MOEDml_Team_RLW-MTS- NCC@moed.uscourts.gov.

    6.    **Trial Brief**: Submit to the Court and opposing counsel a trial brief stating the legal and factual issues and authorities relied on and discussing any anticipated substantive or procedural problems.

    7.    **Motions In Limine**: File all motions in limine to exclude evidence at least ten (10) days before trial.

Failure to comply with any part of this order may result in the imposition of sanctions.

Dated this 6th day of October, 2022.

 

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE