IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | | |
|---|---|---|
| AMGUARD INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No.: 4:20-cv-1853 |
| | ) | |
| T&J ENTERPRISES, INC., MICHELLE A. HILL, | ) | |
| THERESA PYRTLE, JEFFREY D. PYRTLE, | ) | |
| DEBORAH MOSES, Individually, and as | ) | |
| Next Friend of M.M., a minor, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT DEBORAH MOSES AND MINOR CHILD M.M.'S MEMORANDUM IN SUPPORT OF THE MOTION TO DISMISS OR STAY THIS DECLARATORY JUDGMENT ACTION IN FAVOR OF PARALLEL STATE PROCEEDINGS WHERE FULL RELIEF MAY BE GRANTED**

COME NOW Defendants Deborah Moses, Individually, and as Next Friend of M.M., a minor, (hereafter also "the Moses"), by and through their attorneys, and submit the following Suggestions in Support of their Motion to Dismiss and/or Stay Amguard Insurance Company's (hereafter also "Amguard") First Amended Declaratory Judgment Complaint:

**FACTS**

On September 21, 2019, Defendants Deborah Moses and M. Moses were passengers in a tow truck operated by Defendant Michele A. Hill ("Hill"). While travelling northbound on MO-21, the vehicle went off the road and rolled repeatedly until it slammed into a tree, pinning Defendants and causing them grievous bodily harm. Hill was acting as an employee/agent of Defendant T & J Enterprises, Inc. (individually and/or d.b.a. T & J Towing). This Defendant was insured by an AmGuard Insurance Company policy with policy limits of $1 million per injury occurrence. Defendants Deborah Moses and M. Moses demanded payment of this policy due to

the other Defendants' negligence in their actions related to this collision which resulted in serious injury to Deborah and M. Moses. Counsel Evans and Dixon, hired by Plaintiff Amguard, to represent T&J Enterprises, Inc. also demanded the policy be paid in full. Private counsel Roberts for T&J Enterprises, Inc. demanded the policy be paid in full. NARS, the adjusting company utilized by Plaintiff for investigating this case, suggested the policy be paid in full. Plaintiff AmGuard refused to pay the policy and filed the present action on December 22, 2020 asking the court to declare an insurance policy it issued to T&J Enterprises, Inc., did not provide coverage for the injuries Deborah Moses and her minor daughter sustained.

**Background**

1.  Deborah Moses filed a lawsuit against T&J Enterprise, Inc., in the Circuit Court for Jefferson County, Missouri, cause number 19JE-CC00784 for injuries she and her daughter sustained as the result of a wreck by a T&J Enterprises, Inc., tow truck.

2.  Plaintiff Amguard filed this declaratory judgment action seeking a declaration regarding its duties of defense and indemnify in a Missouri state court civil case between the Moses' and T&J Enterprise, Inc., (hereafter also "T&J").

3.  The declaratory judgment was initially filed against Earl Hill, Brandon Pyrtle, T&J Enterprises, Inc., Michelle A. Hill, Theresa Pyrtle, Jeffrey D. Pyrtle, Deborah Moses and the minor child M.M.  Please see Docket entry #1.

4.  Plaintiff AmGuard alleged that a justiciable controversy existed between the Plaintiff and Defendants as to whether the policy provides insurance coverage to T&J Enterprises, Inc. for the wreck.

5. Deborah Moses dismissed the Jefferson County action without prejudice on August 30, 2021, thereby making the question of Amguard's declaration of it rights and duties under the policy of insurance it issued to T&J Enterprises, Inc. moot.

6. Deborah Moses and M.M. instituted suit against T&J Enterprises, Inc., for damages in the Circuit Court of Jackson County at Independence, case number 2216-CV07062.

7. On July 18, 2022, the underlying injury case was called for trial, before the honorable Cory Atkins, Judge of the Circuit Court of Jackson County, Missouri, at Independence. Please see Exhibit A, Findings of Fact, Conclusions of Law and Judgment.

8. The Court heard evidence, argument, and took the matter under advisement, issuing its Judgment on September 27, 2022. Id. The Court in its Judgment found the injuries to Deborah Moses and M.M. were caused by negligence as asserted in the petition. Id.

9. The Court thereafter entered judgment on the negligence counts against T&J Enterprises, Inc., in the amount of Seventeen Million Ninety-Nine Thousand, Eight Hundred Fifty Two Dollars ($17,099,852.00) for Deborah Moses and One Million, Five Hundred Two Thousand, One Hundred Seventy Two Dollars and Eighty Eight Cents ($1,502,172.88) for M.M. with interest to run at 7% per annum. Id. at p.22. This amount is far in excess of the Amguard policy.

10. According to Missouri Supreme Court Rule 81.05, "[a] judgment becomes final at the expiration of thirty days after its entry if no timely authorized after-trial motion is filed."

11. More than thirty (30) days have elapsed since the entry of the judgment by the Jackson County court.

12. To date, Amguard has not paid anything on this judgment.

13. Deborah Moses and M.M. therefore have filed a state equitable garnishment action, pursuant to R.S.Mo. 379.200, seeking recovery of the policy limits owed, plus post-judgment interest, and any other "insurance monies" owed under the statute. Please see Exhibit B, Equitable Garnishment.

14. The matter Amguard seeks a declaratory judgment over has thus been tried and decided. Under Missouri law, Amguard is therefore collaterally estopped to contest the underlying judgment, which in this case will be dispositive of the coverage issue. Please see e.g. *Schmitz v. Great American Assur. Co.*, 337 S.W.3d 700, 709 (Mo. Banc 201 l); *Assurance Co. Of America v. Secura Ins. Co.*, 384 S.W.3d 224 (Mo. App. E.D. 2012); *Columbia Casualty Co. v. HIAR Holdings, LLC*, 411 S.W.3d 258 (Mo. Banc 2013).

15. In a nearly identical situation, the Missouri Supreme Court recently held that a similar judgment was binding, final and required summary judgment on similar claims to those raised by Amguard in its declaratory judgment. Please see e.g. *Allen v. Bryers*, 512 S.W.3d 17, 33 (Mo. Banc 2017) (Affirming grant of summary judgment on coverage under similar circumstances, as the insurance policy required coverage for injury to person who was shot while being removed from premises, as the trial court's judgment found negligence, which precluded a finding of assault and battery or intentional conduct).

16. It is anticipated that in response to the equitable garnishment, T&J Enterprises, Inc., will file its now ripe cross claim for bad faith and other breaches committed by Amguard when it failed to defend, indemnify and resolve the Moses' claims when given the opportunity, which just recently resulted in a final judgment, i.e. harm.

17.     Therefore, there is currently pending a state equitable garnishment action which includes the same issues of coverage as this federal declaratory judgment action. Further, in the state court action, rather than a mere declaration of rights, the now ripe issues include claims for monetary relief under the equitable garnishment statute for the policy limits, plus post-judgment interest and other supplemental payments. Further, in the event T&J files claims of bad faith, breach of fiduciary duty, and others are likewise now ripe claims which are not at issue in this case, and thus this Court cannot give complete and full relief over this state court insurance matter.

15.     The parties, and the issues in the state court suit include all of the issues of coverage over which Amguard seeks to have this Court issue a declaratory judgment. Further, the state court action has the advantage of including not only issues of liability, but also damages, should a finding of coverage and/or bad faith be made. Further, the Circuit Court of Cole County is the proper forum for the determination of these matters, as it is a state insurance matter. Please see e.g. *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 62 S. Ct. 1173 (1942), where the Supreme Court held it would be both uneconomical and "vexatious" for a federal court to hear this matter of state insurance law, when there is a parallel garnishment proceeding which could be decided by a Missouri state court. Id. at 495, 1175-1176. The court went on to state "Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided." *Id*. "[I]t is not for [federal courts] to attempt to pronounce independently upon Missouri law. To do so would be to disregard the limitations inherent in our appellate jurisdiction." *Id*. at 497. "Where a District Court is presented with a claim such as was made here, it should ascertain whether the questions in controversy between

the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court." *Id*. at 495.

16. As both actions (Amguard's declaratory judgment in this Court, and the equitable garnishment action) involve only state law matters related to insurance, the purported declaratory judgment Amguard seeks to assert is not properly before this Court, and should be dismissed and/or stayed for the following reasons: (a) state court insurance matters should be resolved in state court; (b) declaratory judgments seeking a finding of non-liability are likewise not favored, as they promote improper attempts at forum shopping by the defendant; and (c) the declaratory judgment sought would result in poor judicial economy and use of resources, as it does not afford complete relief like the pending state court action does. For all these reasons, this Court should dismiss and/or stay the declaratory judgment sought by Amguard in favor of the pending state court action over the same matters, but which include matters not at issue in this case, and over which complete relief can be granted.

17. Courts act properly when they stay actions "for declaratory relief where parallel proceedings, presenting opportunity for ventilation of the same state law issues, [are] underway in state court." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 290, (Mo. banc 1995).

WHEREFORE, for the above reasons the Moses' would move the Court for its ORDER either dismissing or in the alternative Staying this case to allow the parallel state court proceeding to progress.

Respectfully submitted,

GRAYSON & GRAYSON, LLC


By: /s/ *Adam G. Grayson*
Adam G. Grayson  #MO61976
S. Matthew Grayson #MO57724
915 Southwest Blvd., Suite N
Jefferson City, MO 65109
Telephone:     573-635-0308
Facsimile:      573-635-0471
adam@graysonlegal.com
matt@graysonlegal.com

ATTORNEYS FOR DEBORAH MOSES AND M. MOSES


## CERTIFICATE OF SERVICE

    I hereby certify that on this 21st day of February 2023, the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.


/s/*Adam G. Grayson*